# UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| TERESA DELGADO, individually and on behalf of others similarly situated, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) | Civil Action No. 17-cv-01366 |
| I.C. SYSTEM, INC., | ) ) | <u>Jury Demanded</u> |
| DEFENDANT. | ) | |

## CLASS COMPLAINT

Plaintiff, Teresa Delgado, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

### STANDING

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats, and adequately providing notice of her statutory rights to request validation of an alleged debt within 30 days of receipt of an initial communication.

4. ICS sent a collection letter to Plaintiff that stated the account would not be reported to the credit bureaus until the expiration of her 30-day period to exercise those rights,

misrepresenting the fact it was already being reported, and thereby overshadowing its disclosures to Plaintiff.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Teresa Delgado ("Plaintiff'), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted AT&T Uverse home television account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, I.C. System, Inc. ("ICS"), is a Minnesota corporation that does or transacts business in Illinois. Its registered agent is David Schultz, located 222 N. LaSalle Street, Suite 300, Chicago, Illinois 60601. (Exhibit A, Record from Illinois Secretary of State).

8. ICS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. ICS holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

10. ICS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred a debt, used for personal, family or household purposes, alleged owed for a home television account ("alleged debt"). The alleged debt is, thus, a "debt" as that term is defined in § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff was unable to pay the alleged debt and it went into default.

13. The alleged debt was subsequently assigned to ICS for collection.

14. On or about April 18, 2016, ICS mailed a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

15. The Letter conveyed information regarding the alleged debt, including the identity of the creditor, an account number, and an amount.

16. The Letter was thus a communication as that term is defined at § 1692a(2) of the FDCPA.

17. The Letter was ICS' initial communication with Plaintiff.

18. The Letter stated in relevant part:

> **Your account information is scheduled to be reported to the national credit agencies in your creditor's name. You have the right to inspect your credit file in accordance with federal law. I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below.**

19. The letter then provides Plaintiff 30 days to exercise various rights, including the right to dispute the alleged debt.

20. Plaintiff believed, and the unsophisticated consumer would believe, that the debt would not be reported to the national credit bureaus if Plaintiff made arrangements to pay the alleged debt to ICS, or requested verification of the alleged debt.

21. In fact, the alleged debt had already been reported negatively to a credit bureau at the time the letter was sent by ICS. (Exhibit D, Excerpt of Plaintiff's Experian and Transunion reports showing the AT&T Uverse tradeline).

22. Defendants were well aware of the already existing negative credit reporting at the time they sent Plaintiff the Letter, as they themselves had checked Plaintiff's credit report 3 days prior to sending the letter. (Exhibit E, Transunion Credit Report showing IC System Account Review Inquiry on April 15, 2016).

23. ICS offered a false incentive to pay the alleged debt to make the consumer afraid of negative effects on her credit report and rating, even though the alleged debt was already being reported to the credit bureaus.

24. ICS made this false incentive in an attempt to coerce Plaintiff into paying the alleged debt.

25. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

26. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

27. ICS used false, deceptive and misleading representations and unfair or unconscionable means in an attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f, when while making a settlement offer they stated that negative credit reporting may begin, when in fact the alleged debt had already been reported to the credit bureaus.

28. Defendant stated it would not submit the account information to the national credit reporting agencies until the expiration of the 30 day period provided to Plaintiff to exercise various rights with respect to the alleged debt.

29. Plaintiff believed, and the unsophisticated consumer would believe, that she did not in fact have those 30 days as the account had already been reported to the national credit bureaus, in direct contradiction to ICS's statement to her.

30. 15 U.S.C. §1692g(b) provides:

**Validation of debts**

**. . . Any collection activities and communications during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. . . .**

31. ICS overshadowed its disclosure of Plaintiff's rights to dispute the validity of the debt and/or request verification within the thirty-day dispute period, in violation of 15 U.S.C. § 1692g(b) when it informed Plaintiff that her account would not be reported to the national credit bureaus until the end of the 30-day period, when in fact it already had been reported.

32. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, e.g., Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

33. Plaintiff, Teresa Delgado, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom ICS attempted to collect a delinquent consumer debt using a letter substantially similar to that of Exhibit C.

34. Plaintiff defines the class, subject to amendment, as (1) all individuals with addresses in the state of Illinois (2) from whom ICS attempted to collect a consumer debt using an initial communication substantially similar to that of Exhibit C, (3) which states that it will not submit negative account information the credit bureaus regarding an alleged debt (4) for which negative account information has already been submitted to the national credit bureaus at the time the letter was sent.

35. ICS regularly engage in debt collection, including attempting to collect debt via the mails, in their regular course of business.

36. As the letter was a form letter, the Class likely consists of more than 35 persons from whom Defendant attempted to collect a debt using the Form Letter attached as Exhibit C.

37. Plaintiff Delgado's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

38. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class

not party to the adjudication, or substantially impair or impede their ability to protect their interests.

39. Plaintiff Delgado will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because ICS' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Delgado has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

### **COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—CLASS CLAIM**

40. ICS used false, deceptive and misleading representations and unfair or unconscionable means in an attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f, when while making a settlement offer they stated that negative credit reporting may begin, when in fact the alleged debt had already been reported to the credit bureaus.

41. ICS overshadowed its disclosure of Plaintiff's rights to dispute the validity of the debt and/or request verification within the thirty-day dispute period, in violation of 15 U.S.C. § 1692g(b) when it informed Plaintiff that her account would not be reported to the national credit bureaus until the end of the 30-day period, when in fact it already had been reported.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the class members and against Defendants as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

                                               By: s/ Celetha C. Chatman
                                               One of Plaintiff's Attorneys

Celetha J. Chatman
Michael J. Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com